IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| T.H., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>DeKalb County School District, et al.,<br><br>      Defendants. | Civil Action No. 1:19-cv-03268-TWT |

**Memorandum in Support of Motion for Preliminary
Approval of Class Settlement as to the State Defendants**

Plaintiffs and Defendants Georgia Department of Education ("DOE") and State Superintendent Richard Woods ("the State Superintendent")[1] have entered into a proposed Settlement Agreement resolving Plaintiffs' substantive claims against the State Defendants.[2] Plaintiffs' claims against the State Defendants for attorney's fees remain pending, because, although the parties attended mediation, they were unable to resolve their dispute regarding fees. Doc. 242. Plaintiffs will therefore move for fees before the Court.[3] Doc. 236. Accordingly, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek preliminary approval of the Settlement Agreement.

Judicial approval of a proposed class action settlement under Federal Rule of Civil Procedure 23 involves a two-step process. First, counsel submits the proposed settlement to the court, and the court makes a preliminary fairness evaluation. *Manual for Complex Litigation (Fourth)* § 21.632 (4th ed.). Second, if preliminary approval is granted, the court directs that notice of the

---

[1] Mr. Woods is named in his official capacity as the State Superintendent. Together, the DOE and the Superintendent are referred to as the "**State Defendants**."

[2] A copy of the Settlement Agreement is attached as Exhibit 1.

[3] The Court has granted summary judgment in favor of Plaintiffs' IDEA claims against Sheriff Maddox. The parties are currently briefing the remedial order on those claims. The Court granted summary judgment in favor of Sheriff Maddox as to Plaintiffs' ADA and Section 504 claims. *See* Doc. 233.

1

settlement be given to members of the class, solicits comment and objection from class members and interested parties, and holds a hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *Id.* at §§ 21.633-35. *See also* Doc. 149 (Order of Preliminary Approval of Class Settlement as to DeKalb County School Defendants).

In accord with this two-step process, Plaintiffs request that the Court enter the attached Proposed Order,[4] which: (1) preliminarily approves the Settlement Agreement; (2) authorizes the form and manner of notice to Class and Subclass members;[5] (3) sets the deadline for written submissions by persons who are Class Members, or legal representatives of Class Members, and who wish to be heard in favor of or in objection to the Settlement Agreement; and (4) sets the date for a hearing in accordance with Rule 23(e).

## I.   FACTUAL AND LEGAL BACKGROUND.

### a.   The Litigation.

This class action lawsuit was initially brought by the next friend of T.H., on behalf of T.H. and other present and future similarly situated detained youth. Doc. 1 ("Complaint"). T.H. is now 20 years old. *See* Declaration of T.H.,

---

[4] A copy of the Proposed Order is attached as Exhibit 2.
[5] A copy of the Proposed Notice of Proposed Class Action Settlement is attached as Exhibit 3.

Doc. 133-2, ¶ 2. When T.H. was a student in the DeKalb County School District, he was diagnosed with a qualifying disability under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act ("Section 504") and became entitled to special education services under the Individuals with Disabilities Education Act (IDEA). *See Id.*, ¶¶ 4, 5-8. Despite T.H.'s Section 504 Plan and Individualized Education Program (IEP), he was not provided disability-related education services while detained at the DeKalb County Jail ("the Jail"). *Id.*, ¶¶ 9-10, 12. T.H. filed a grievance with the Jail and a Due Process Hearing Request with the Georgia Office of State Administrative Hearings against the School District. *Id.*, ¶¶ 13-15. After T.H. was not granted relief through either administrative process, this suit was filed. *See* Complaint, ¶¶ 18-19; Declaration of T.H., ¶ 19.

The Complaint was filed on July 18, 2019. *Id.* It alleged that, despite evidence showing reduced recidivism for detainees who participate in educational programs and their federally mandated obligations, Defendants have systemically failed to identify and evaluate detained youth who would be eligible for disability-related educational services and to provide those services. Complaint, ¶ 3. This violates their right to a free and appropriate public education ("FAPE") under the IDEA, 20 U.S.C. §§ 1400 *et seq.*, Title II of the

3

ADA, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and their accompanying regulations.

The Plaintiffs' Amended Complaint was filed October 29, 2019, which added a second Named Plaintiff, J.B. Doc. 35 ("Amended Complaint"). J.B. is now 21 years old; he is a student entitled to special education under the IDEA, and he also attended DeKalb County School District schools before being detained at the Jail. Declaration of J.B., (Doc. 133-1) ¶¶ 2, 4, 5-9. At the Jail, he was not identified as having a qualifying disability, evaluated, or provided with disability-related educational services. *Id.*, ¶¶ 10, 12. Like T.H, J.B. also filed a grievance with the Jail that did not receive a response within the allotted time. *Id.*, ¶¶ 13-14.

Plaintiffs' Amended Complaint seeks Declaratory and Injunctive Relief on behalf of a Class and Subclass under Federal Rule of Civil Procedure 23(a) and 23(b)(2). Amended Complaint, ¶ 95.

The DeKalb County Sheriff filed a Motion to Dismiss that was denied on March 11, 2020. *See* Doc. 41, 78.

The Parties engaged in discovery for over a year. On October 1, 2020, Plaintiffs filed their Motion for Class Certification (Doc. 132) and moved for preliminary approval of settlement with the School District. Doc. 141. The

Court granted Plaintiffs' Motion for Class Certification (Doc. 162) on January 25, 2021, certifying the following Class and Subclass:

> **IDEA Class**: All youth detained at the DeKalb County Jail with a disability, as defined by the IDEA.
>
> **Discrimination Subclass**: All members of the IDEA Class who are qualified individuals with a disability, as defined by the ADA or Section 504 of the Rehabilitation Act.

The Court granted final approval to Plaintiffs' settlement with the School District on February 11, 2021. Doc. 173.

Plaintiffs and Sheriff Maddox filed cross motions for summary judgment. Doc. 159, 201. On September 16, 2021, the Court granted Plaintiffs' motion for summary judgment as to liability for Sheriff Maddox's violations of the IDEA. Doc. 233. The Court granted summary judgment in favor of Sheriff Maddox as to Plaintiffs' ADA and Rehabilitation Act claims. Doc. 233. Plaintiffs recently filed their motion for a remedial order on their IDEA claims. Doc. 237.

Now, after additional negotiations, Plaintiffs have reached a separate settlement agreement with the State Defendants. *See* Declaration of Christina Remlin, ¶ 7, attached as Exhibit 4 ("Remlin Decl.").

### b.  Summary of the Settlement Agreement Terms.

The Settlement Agreement includes a variety of commitments made by the DOE to provide guidance, training, and technical assistance to the School District on IDEA requirements, and to require the School District to negotiate with the Jail an annual Memorandum of Understanding addressing legal obligations under the IDEA for Class and Subclass members incarcerated in the Jail.

The Settlement Agreement covers the Class and Subclass already certified by the Court: (1) youth at the Jail who have a disability under the IDEA, and (2) youth who are part of the IDEA Class and are a qualified individual with a disability under the ADA or Section 504. Settlement Agreement § 1.1. The Agreement was executed between counsel for the State Defendants and counsel already appointed as class counsel for the Plaintiffs by the Court.

The Settlement Agreement directly addresses the Amended Complaint's allegations of the DOE's (1) failure to exercise supervision over the educational programs at the DeKalb County Jail and to ensure that those educational programs meet IDEA requirements; and (2) failure to monitor the DeKalb County School District and DeKalb County Sheriff's provision of special education and related services to Plaintiffs and those similarly situated.

First, under the Settlement Agreement, the DOE must provide implementation guidance to the School District on (1) IDEA requirements for the identification and provision of FAPE to Class and Subclass members, (2) the DeKalb County School District's reporting on compliance with legal obligations pertaining to the identification of and provision of FAPE to Class and Subclass members, and (3) the DeKalb County School District's requesting and securing of prior educational records of Class and Subclass members. Settlement Agreement § 3.1.

Second, under the Settlement Agreement, the DOE must provide scheduled training and technical assistance at least annually for School District directors of special education regarding the identification of and provision of FAPE to Class and Subclass members. *Id.* § 3.2.

Third, the DOE will require that the School District annually negotiate with the DeKalb County Sheriff a Memorandum of Understanding ("MOU") that will govern the school year between the School District and the DeKalb County Sheriff, addressing child find, FAPE, and all other legal obligations regarding Class and Subclass members who are incarcerated in the Jail, *id.* § 4.1, provide such annual agreement to the DOE, *id.*, and that the DOE will advise the School District whether the MOU meets the requirements of the IDEA, ADA, Section 504, and applicable state law, *id.* § 4.2. If the School

District and the DeKalb County Sheriff fail to enter an adequate MOU, the Plaintiffs will report such failure to the Compliance Reviewer, and the DOE and the State Superintendent will determine the appropriate course of action. *Id.* § 4.4. At any time, if the DOE determines that the School District is not meeting IDEA, child find, or FAPE obligations, it may provide to the School District a remedial plan, a corrective action plan, or guidance. *Id.* § 7.

Fourth, the Settlement Agreement requires the DOE to monitor the School District's implementation of State Board of Education Rule 160-5-1.14 governing transfer of student records, as it pertains to the records of each Class or Subclass member transferred from a local education agency ("LEA") to DeKalb County, who is incarcerated in the Jail. Settlement Agreement § 5.1.

Fifth, the DOE will require the School District to provide tracking reports to the DOE each semester with data related to the identification of Class and Subclass members incarcerated in the Jail and to post such reports on the School District's website. *Id.* §§ 6.1 – 6.2.

Sixth, under the terms of the Settlement Agreement, the DOE will provide the School District with metrics to ensure that it is compliant with IDEA child find and FAPE obligations for the Class and Subclass members at the Jail. The DOE will also monitor the School District's compliance by reviewing a random sample of records every semester. As mentioned above, if

8

the DOE determines that the School District is not meeting IDEA, child find, or FAPE obligations, it may provide to the School District a remedial plan, a corrective action plan, or guidance. *Id.* § 7.

Seventh, the DOE will amend its Grant Award Notice language to address the School District's funding responsibilities related to child find and FAPE requirements applicable to all Class and Subclass members. *Id.* § 8.

Eighth, once a certain set of preconditions are met, a Compliance Reviewer will be appointed to assess the DOE's compliance with the Settlement Agreement. *Id.* § 9.2.A. The Compliance Reviewer will be chosen as the result of good faith negotiations between the Parties. *Id.* § 9.2.B. The Compliance Reviewer will provide the Parties with a Review Plan and then conduct assessments and generate reports on a semester basis. *Id.* §§ 9.3, 9.6-9.7. Once the DOE complies with the terms of the Settlement Agreement for two consecutive semesters, as determined by the Compliance Reviewer, the State Defendants will be released from any ongoing responsibilities with respect to the Compliance Reviewer reports. *Id.* § 9.7.C.

Finally, pursuant to the terms of the Settlement Agreement, the Parties attended mediation but they were unable to resolve their dispute regarding fees. Doc. 242. Plaintiffs will therefore move for fees before the Court.

## II. THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL.

"Although class action settlements require approval, such approval is committed to the sound discretion of the district court." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). In exercising that discretion, courts are "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). The policy favoring settlement is especially strong in the class action context. *See, e.g.*, *In re U.S. Oil & Gas Litig.*, 967 F.2d at 493 ("Public policy strongly favors the pretrial settlement of class action lawsuits."); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement.").

In considering a proposed settlement, the district court does not need to reach any conclusion on the substantive factual or legal issues presented. *See Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1214 (5th Cir. 1978). Rather, "[a]t the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the 'range of reasonableness.'" 4 *Newberg on Class Actions* § 11.26. *See also, Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1326 (11th Cir. 2013) (approval should be granted when the settlement is "fair, adequate, reasonable, and not the product of collusion"). "[A]bsent fraud,

10

collusion, or the like," the district court "should be hesitant to substitute its own judgment for that of counsel." *Canupp v. Liberty Behavioral Healthcare Corp.*, 447 F. App'x 976, 977–78 (11th Cir. 2011).

Here, the Settlement Agreement is the result of arm's length negotiations between informed and experienced counsel on both sides, after extensive negotiations that included numerous meetings and continuous back-and-forth communications. *See* Remlin Decl., ¶ 7. Counsel for the class have concluded that its terms are fair, reasonable, and adequate for the class members. *Id.* ¶ 8; *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1149 (11th Cir. 1983) ("Courts often accord great weight to the opinions of counsel for the class in approving class action settlements."). Plaintiffs' Counsel has ample experience in complex civil litigation, including in suits focused on youth civil rights. Also, the DOE is represented by attorneys at Robbins Ross Alloy Belinfante Littlefield LLC, a firm that is highly skilled and experienced in complex litigation. The Court should give "great weight to the recommendations of counsel for the parties, given their considerable experience in this type of litigation." *Warren v. City of Tampa*, 693 F. Supp. 1051, 1060 (M.D. Fla. 1988). *See also United States v. City of Miami*, 614 F.2d 1322, 1335 (5th Cir. 1980), *on reh'g*, 664 F.2d 435 (5th Cir. 1981); *Bonnin v. Bryan I. Gerstenberg, D.D.S., P.A.*, No. 3:10-cv-188-MCR/EMT, 2011 WL

13232590, at *1 (N.D. Fla. Aug. 5, 2011) (approving settlement where "[t]he agreement was reached through an adversarial process with all parties represented by experienced counsel").

The Settlement requires the DOE to oversee and monitor the School District's compliance with IDEA and FAPE obligations for members of the Class and Subclass detained at the Jail. In doing so, the terms of the Settlement Agreement ensure the DOE will hold the School District accountable for providing special education services to detained youth in compliance with the law.

### III. THE COURT SHOULD SET A HEARING TO DETERMINE FINAL APPROVAL OF THE SETTLEMENT.

After conditional certification of a class and preliminary approval of a class settlement, the Court should schedule a final hearing to determine whether it will grant final approval of a class settlement. The final hearing will provide the Court with an opportunity to consider any comments and objections from the class members. *See* Manual for Complex Litigation, Fourth, § 21.632; *In re Skinner*, 206 B.R. 252, 261-62 (Bankr. N.D. Ga. 1997); *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426 (E.D. Tex. 2002); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 562 (D.N.J. 1997).

Plaintiffs respectfully request that the Court set a date for a final hearing on the proposed class settlement with the State Defendants at least 90 days from the grant of this motion. And based on the date set for the final hearing, the Court can set related deadlines for notice (30 days from the grant of this motion) and receipt of comments and objections (75 days from the grant of this motion), which will ensure an orderly process.

## IV.  THE PROPOSED CLASS NOTICE SHOULD BE APPROVED.

Rule 23 provides that "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Class notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Alderwood Group, Inc. v. Garcia*, 682 F.3d 958, 963 (11th Cir. 2012) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The Settlement Agreement contemplates notice to the Class and Subclass. And the State Defendants have agreed to bear the cost of adequate notice. Settlement Agreement § 14.4.

The Eleventh Circuit has clarified that while the "total absence of notice" is impermissible, it is not true that "the Constitution requires that each individual class member receive actual notice." *Juris v. Inamed Corp.*, 685 F.3d

13

1294, 1318 (11th Cir. 2012). Accordingly, when "the notice afforded reaches a critical mass of putative class members, such that the facts underlying certification are contested and approached in a sufficiently adversarial manner," due process is satisfied. *Id.* The proposed order would provide ample time for objectors to raise issues before this Court and satisfy those requirements.

Attached as Exhibit 3 is the Plaintiffs' Proposed Notice of Class Action Settlement. The Notice provides members of the Class and Subclass with the information they need to evaluate the settlement and to comment on or object to final approval.

In order to ensure adequate notice in light of the legal standard discussed above, the Plaintiffs propose that the Notice be distributed[6] as follows:

(a)    to all detainees in the DeKalb County Jail aged 21 or younger, and prominently posted in each unit of the Jail;[7]

(b)    to the judges and clerks of the DeKalb County Superior and State Courts with the request that the clerks publicly post the Notice;

---

[6] To expedite dissemination of the Notice, where possible, it should be distributed by email.

[7] Defendant DeKalb County Sheriff Maddox has agreed to allow this manner of Notice in the Jail.

14

(c) to attorneys or non-attorney advocates that represent students in school discipline or Section 504 proceedings in the DeKalb County School District prior to the date of the final hearing set by the Court;

(d) to the Law Office of the Public Defender, DeKalb County; the Metro Conflict Defender Office; and to the Georgia Public Defender Council ("GPDC") requesting that the GPDC forward the Notice to attorneys appointed as conflict counsel to represent indigent defendants in DeKalb County;

(e) to the last known address of all students who, according to the records of the School District have withdrawn from school since July 18, 2019 because of incarceration;

(f) post on the DeKalb County School District website and maintain that posting until the date of the final hearing set by the Court; and

(g) to any person who requests the Notice by email or first class mail.

The foregoing notice plan is sufficient to alert all current members of the Class and Subclass. In addition, it will provide adequate notice to their representatives and parents. This is the same form of notice already approved by the Court in its Order Granting Final Approval of Class Settlement between Plaintiffs and the School District. Doc. 173.

## V. CONCLUSION.

Considering the standards set forth above, the Plaintiffs respectfully request that the Court preliminarily approve the Settlement Agreement and authorize the form and manner of a Notice of Proposed Class Action Settlement to be sent to the Class Members. Additionally, Plaintiffs ask the Court to set the date for a final hearing for final approval of the settlement, pursuant to Rule 23(e), and set time frames in which Class and Subclass Members or their representatives may comment or object to the Settlement Agreement.

DATED: November 19, 2021

/s/ Christina Wilson Remlin
**Christina Wilson Remlin**
Georgia Bar No. 615630
**Aaron Finch**
*admitted pro hac vice*
N.Y. Bar No. 5140033
**Lindsey Frye**
*admitted pro hac vice*
N.C. Bar No. 47752
**Joshua Arocho**
*admitted pro hac vice*
N.Y. Bar No. 5685599
CHILDREN'S RIGHTS, INC.
1700 Northside Drive, Suite A7
PMB 1086
Atlanta, GA 30318
Phone: (646) 831-3543
Facsimile: (212) 683-4015
cremlin@childrensrights.org

afinch@childrensrights.org
lfrye@childrensrights.org
jarocho@childrensrights.org

**Randee Waldman**
Georgia Bar No. 100107
BARTON JUVENILE DEFENDER CLINIC
EMORY UNIVERSITY SCHOOL OF LAW
1301 Clifton Road
Atlanta, GA 30322
Phone: (404) 727-6235
Facsimile: (404) 727-7851
rwaldm2@emory.edu

**David G.H. Brackett**
Georgia Bar No. 068353
**Amanda Kay Seals**
Georgia Bar No. 502720
BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, Suite 3900
Atlanta, Georgia 30309
Phone: (404) 881-4100
Facsimile: (404) 881-4111
brackett@bmelaw.com
seals@bmelaw.com

**Greg Hecht**
Georgia Bar No. 003860
**Michael W. Warner**
Georgia Bar No. 751362
HECHT WALKER JORDAN, P.C.
3340 Peachtree Road, Suite 1530
Atlanta, GA 30326
Phone: (404) 348-4881
Facsimile: (678) 884-1257
greg@hmhwlaw.com
michael@hmhwlaw.com

*Attorneys for Plaintiffs*

## **L.R. 7.1(D) CERTIFICATION**

I certify that this Memorandum and its accompanying papers have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C). Specifically, this Memorandum has been prepared using 13-pt Century Schoolbook font.

/s/ Christina Wilson Remlin
Christina Wilson Remlin