IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

T.H., et al.,

    Plaintiffs,

v.

DeKalb County School District, et al.,

    Defendants.

Civil Action No. 1:19-cv-03268-TWT

## ORDER OF FINAL APPROVAL OF CLASS SETTLEMENT AS TO THE STATE DEFENDANTS

This matter comes before the Court on the Joint Motion for Final Approval of Class Settlement as to the State Defendants ("Motion for Final Approval"). The motion is GRANTED.

The proposed class settlement, which the Court has already preliminarily approved, Doc. 254, is between the Plaintiff Class and Subclass (referred to together as "the Class"), on the one hand, and the Georgia Department of Education ("GaDOE") and Superintendent Richard Woods, in his official capacity (collectively referred to as "the GaDOE"). The Class

settlement with the GaDOE constitutes a settlement of the Class's claims against some, but not all, of the defendants in this action.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs received preliminary approval of the settlement agreement, and the court has granted certification as to both the IDEA Class and the Discrimination Subclass pursuant to Rule 23(e)(2). Doc. 162. Additionally, on April 11, 2022, the Court held a hearing on this settlement in accordance with Rule 23(h)(3).

The Court has reviewed the Joint Motion for Final Approval, the brief in support of the motion, the settlement agreement, and has heard from all Parties. Having done so, the Court GRANTS the Joint Motion, approving the Class settlement. The Court RULES, ORDERS, and DIRECTS as follows:

1. ***Settlement.*** The Settlement Agreement is a partial settlement. The Class's claims against DeKalb County School District were resolved in a separate settlement agreement approved by the Court on February 11, 2021. Doc. 173. The Court granted summary judgment in favor of the Plaintiffs as to their IDEA claims against Sheriff Maddox. Doc. 233. The Court granted summary judgment in favor of Sheriff Maddox as to Plaintiffs' ADA and Rehabilitation Act claims against her. *Id.*

Through this order, based upon the stipulation from Plaintiffs and the GaDOE, and upon the Court's own independent review, the Court finds that

the Settlement's terms satisfy the requirements set forth in 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA") because it is narrowly drawn to be the least intrusive means necessary to correct the violations of Plaintiffs' federal rights. Based on the stipulation and its own independent analysis, the Court also finds that the Settlement does not require or permit a government official to exceed his or her authority under State or local law as forbidden by the PLRA, 18 U.S.C. § 3626(a)(1)(B).

The absence of objections to the Settlement further supports the Court's conclusion that the Settlement's terms are fair, just, reasonable, and adequate.

The Court therefore GRANTS final approval of the Settlement between the Class and the GaDOE pursuant to Federal Rule of Civil Procedure 23(e) as fair, just, reasonable, and adequate as to the members of the Class and Subclass. The Court also finds that the notice of settlement, as executed by the GaDOE, meets the requirements of Federal Rule of Civil Procedure 23 and due process.

    2.    ***Retained Jurisdiction.***    The Court hereby enters the Settlement Agreement as an order and retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement. Doc. 243-2.

**So ORDERED this** __11th__ day of __April__ 2022.

*Thomas W. Thrash*
Hon. T. Thrash, Jr.
United States District Court
Northern District of Georgia