IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

T.H.
as next friend
T.B., et al.,

     Plaintiffs,

        v.

DEKALB COUNTY SCHOOL
DISTRICT, et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:19-CV-3268-TWT

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Plaintiffs'
Motion for Attorney's Fees and Costs [Doc. 260]. In light of the Plaintiffs' recent
settlement of this issue as to Defendants Georgia Department of Education
("GaDOE") and Superintendent Richard Woods, [Doc. 284], the Motion for
Attorney's Fees and Costs remains pending only as to Defendant Sheriff
Melody Maddox. For the reasons set forth below, the Plaintiffs' Motion for
Attorney's Fees and Costs [Doc. 260] is GRANTED, with the amounts awarded
set forth in detail below.

## I.    Background

On September 16, 2021, the Court granted the Plaintiffs' Motion for
Summary Judgment as to Liability [Doc. 159] in part and denied it in part, and
likewise granted Defendant Sheriff Maddox's Motion for Summary Judgment

[Doc. 201] in part and denied it in part. (Sept. 16, 2021 Order at 1, 22.) The Court found that the Sheriff could be held liable for violations of the IDEA and, more specifically, that the Sheriff violated her child find duty and her obligation to facilitate the DeKalb County School District's ("DCSD") access to IDEA Class members requiring special education, resulting in a denial of the free and appropriate public education ("FAPE") required by law. (*Id.* at 13-16.) The Court also found that the Plaintiffs' claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 failed as a matter of law. (*Id.* at 20-22.)

On April 29, 2022, the Court granted in part and denied in part the Plaintiffs' Motion for a Remedial Order [Doc. 237], entering a permanent injunction and remedial order against the Sheriff. [Doc. 287]. The Plaintiffs now move for attorney's fees and costs against the Sheriff, having previously settled the same against the remaining defendants. [Docs. 141, 173, 260, 284]. As part of the settlement between the Plaintiffs and DeKalb County School District ("DCSD") and Cheryl Watson-Harris, Superintendent of DCSD, DCSD and Harris agreed to pay $75,000 in attorney's fees. [Doc. 141-1 at 24-25; Doc. 173 at 3-4].

After the Court ruled on the summary judgment motions, and after the Plaintiffs settled with Defendants Georgia Department of Education ("GaDOE"), the Plaintiffs filed a Motion for Attorney's Fees and Costs against

the Defendant Sheriff and GaDOE. [Doc. 260 at 1]. The Plaintiffs then settled their attorney's fees claim as to GaDOE, who agreed to pay the Plaintiffs $400,000 in attorney's fees and costs. [Doc. 284 at 1]. In light of this recent settlement, the Plaintiffs filed a Notice of Updated Schedule of Attorney's Fees and Costs, explaining that they are still seeking $1,244,954.13 in attorney's fees and costs from the Sheriff. [Doc. 285 at 1-2].

## II.    Legal Standards

The IDEA permits prevailing parties to pursue reasonable attorney's fees. *See* 20 U.S.C. § 1415(i)(3)(B). Courts may use the "lodestar" method to determine attorney's fees in class action cases. *See In re Home Depot Inc., et al. v. Home Depot, Inc., et al.*, 931 F.3d 1065, 1081-82 (11th Cir. 2019). Under the lodestar analysis, "the [C]ourt must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The lodestar can then be adjusted up or down based on a variety of factors, including the degree of the plaintiff's success in the suit. *Id.*; *see also Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1351-52 (11th Cir. 2008).

Under Eleventh Circuit precedent, a reasonable hourly rate under the lodestar analysis "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience and reputation." *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) (quotation marks omitted). The relevant market for this determination is the market where the case was filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotation marks omitted). The Court itself is an "expert on the question [of reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

In making the lodestar determination, courts may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1300 (11th Cir. 1988); *see also Bivins*, 548 F.3d at 1351-52. If the Court is "faced with a massive fee application . . . an hour-by-hour review is both impractical and a waste of judicial resources. *Loranger*, 10 F.3d at 783. In those circumstances, the Court is permitted to impose an across-the-board percentage reduction supported by a "concise and clear explanation of its reasons for the reduction."

*Id.*; *see also Bivins*, 548 F.3d at 1351.

Finally, the Court has discretion to hold all defendants jointly and severally liable for attorney's fees, or to apportion fees among defendants, and if fees are apportioned, district courts have wide discretion as to how to apportion them. *Council for Periodical Distrib. Ass'ns v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987). In so doing, the Court should strive "to achieve the most fair and sensible solution as possible." *Id.*

### III.   Discussion

As noted previously, the Plaintiffs seek $1,244,954.13 in attorney's fees and costs from the Sheriff. [Doc. 285 at 1]. The Plaintiffs arrive at this figure by adding the fees and costs they believe they are owed from the Sheriff only, and from the Sheriff and GaDOE jointly, and subtracting their recent $400,000 settlement with the GaDOE and $668 owed to errors in their time entries. [*Id.* at 1-2]. For the reasons explained below, the Court finds that the Plaintiffs are entitled to an award of attorney's fees, though not in the amount they seek, and that they are entitled to a full award of costs.

### A.  Hourly Rate

As an initial matter, the Sheriff does not object to the conclusion that the Plaintiffs are prevailing parties entitled to some award of attorney's fees, but only disputes the Plaintiffs' lodestar calculation and the overall award amount. *See* 20 U.S.C. § 1415(i)(3)(B) (providing that "prevailing parties" may

pursue attorney's fees); (*See* Sheriff's Resp. in Opp. to Mtn for Atty's Fees and Costs at 2-3). The Sheriff does not appear to dispute the expertise and specialized knowledge of these professionals but focuses her objections on the Plaintiffs' evidence supporting the prevailing market rate for similar work. The Plaintiffs have included their requested hourly rates for each attorney and paralegal involved in this matter on their fee summary schedules. (Pls. Mtn for Atty's Fees and Costs, Exhibit 1 at 2-4). The Sheriff disputes the hourly rates as to all of the attorneys involved and as to paralegals Catherine Anderson, Lindsey Harrison, and Tanya Reed, who are each employed by Bondurant Mixon & Elmore. (Sheriff's Resp. in Opp. to Mtn for Atty's Fees and Costs at 8-9). [1] The Plaintiffs support their hourly rate requests with declarations from the attorneys themselves regarding their educational and professional qualifications and experience, as well as an opinion declaration from attorney Edward Buckley. (Pls. Mtn for Atty's Fees and Costs, Exhibits 6-11).

The Plaintiffs request reimbursement at the following hourly rates for the lead attorneys in this matter: Christina Wilson Remlin – $565 (Lead Counsel with 17 years' experience); David Brackett – $695 (Partner with 25

---

[1] The Sheriff does not object to the hourly rates requested for the four paralegals employed by Children's Rights, and the Court will accept their requested $190 per hour rate as reasonable. (Sheriff's Resp. in Opp. to Mtn for Atty's Fees and Costs at 9 n.4).

years' experience); Randee Waldman – $620 (Lead Attorney with 25 years' experience); and Greg Hecht– $615 (Partner with 34 years' experience). The Court finds these rates to be excessive in the current Atlanta legal market, even taking into consideration the attorneys' years of experience, expertise in litigating special education matters, and the novelty of the issues presented in this case. The Court has reviewed the Plaintiffs' declarations, as well as the declaration of Mr. Buckley, but gives them less weight because they are self-serving and do little more than recount the qualifications of the above-named attorneys as justification for their requested fee amounts.

The Court does not doubt counsels' qualifications but is additionally tasked with determining "the prevailing market rate" in the Atlanta legal community for attorneys with comparable skills and experience. *See Dillard*, 213 F.3d at 1354. The declarations bear little on that point. In any event, "[s]atisfactory evidence [of a reasonable hourly rate] at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. Further, the majority of the cases cited by the Plaintiffs in their declarations with regard to reasonable hourly rates did not involve the IDEA, and "the market rate for federal civil litigation [generally] is too over-inclusive to be relevant." *Draper v. Atlanta Indep. Sch. Sys.*, 2008 WL 11407320 at *11 (N.D. Ga. Apr. 14, 2008) (brackets omitted) (citing *Perkins v. Mobile Hous. Bd.*, 847 F.2d 737, 737 (11th Cir. 1988).

Based on the Court's own experience in ruling on motions for attorney's fees and resolving cases brought under the IDEA, the Court finds that a rate of $550 per hour is reasonable for the above-named attorneys, given their qualifications and many years of experience. *See Loranger*, 10 F.3d at 781. In 2017, in another IDEA case, Judge Totenberg found that "the $500 per hour fee that [counsel requests] is at the upper end of what an attorney could charge in a special education matter (barring exceptional circumstances or future market developments)." *Williams ex rel. Williams v. Fulton Co. Sch. Dist.*, 2017 WL 5197871 at *6 (N.D. Ga. Mar. 17, 2017). The Court here agrees. Like this case, *Williams* was pending before the court for approximately three years but, unlike this case, it involved a five-plus day due process hearing before an administrative law judge and post-judgment enforcement litigation. On that basis, taking into consideration the rise in inflation since 2017, the Court concludes that an hourly rate of $550 for these attorneys is reasonable.

The Plaintiffs also request reimbursement at the following hourly rates for the senior associate attorneys in this matter: Aaron Finch– $420 (Senior Staff Attorney with 9 years' experience); and Amanda Seals – $450 (Senior Associate with 9 years' experience). Having determined the reasonable hourly rate for the above-discussed partner/lead counsel attorneys, the Court finds that a rate of $400 per hour is reasonable for attorneys Aaron Finch and Amanda Seals. This is owed in large part to the decade-plus discrepancy in the

8

years of experience between these attorneys and the above-discussed partner/lead counsel attorneys, which the Court finds warrants a decidedly lower rate. The Plaintiffs additionally request reimbursement at the rate of $334 per hour for staff attorneys Jonathan King (9 years' experience), Danielle Rosenthal (7 years' experience), and Lindsey Frye (8 years' experience), which the Court finds to be reasonable in light of the similar qualifications and experience between these attorneys and attorneys Aaron Finch and Amanda Seals.

Finally, the Plaintiffs request reimbursement at the rate of $300 per hour for paralegals Catherine Anderson, Lindsey Harrison, and Tanya Reed. As the Sheriff points out, the only evidence offered in support of these rates is attorney David Brackett's statement in his declaration that the three paralegals are "litigation specialists" with 25, 15, and 30 years' experience respectively. (Pls. Mtn for Atty's Fees and Costs, Exhibit 8 ¶5). Based on the Court's experience, a $300 per hour rate is unreasonable for paralegal work, and especially so here since the Plaintiffs appear to request that rate universally without regard for these paralegals' differing years of experience. The Court's research did not reveal a recent IDEA case in this district involving reasonable fees for paralegal work, but in a recent IDEA case in the Southern District of Florida, a rate of $150 per hour for paralegal work was deemed reasonable. *See H.C. v. Bradshaw*, 426 F.Supp.3d 1266, 1278 (S.D. Fla. Oct.

Case 1:19-cv-03268-TWT   Document 288   Filed 05/27/22   Page 10 of 17

10, 2019). The Court finds *H.C.* persuasive here. After careful consideration of the Court's own knowledge of the current Atlanta legal market and of the uncontested $190 per hour rate charged by the Children's Rights paralegals, the Court concludes that a rate of $200 per hour as to paralegals Catherine Anderson, Lindsey Harrison, and Tanya Reed is reasonable. *See Loranger*, 10 F.3d at 781. Even still, paralegal work is only recoverable to the extent it is work traditionally performed by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

### B. Hours Expended

The Court notes at the outset of this stage of the inquiry that the Plaintiffs' fee request is voluminous, spanning 288 pages including the motion itself, the briefing, and the supporting time records and declarations. For that reason, the Court will not engage in an hour-by-hour analysis of the Plaintiffs' time records but will instead determine whether an across-the-board reduction in the hours expended is warranted, applying the factors outlined in *Norman*. *See Norman*, 836 F.2d at 1299-1300; *Loranger*, 10 F.3d at 783 ("When faced with a massive fee application, however, an hour-by-hour review is both impractical and a waste of judicial resources."); *see also Bivens*, 548 F.3d at 1350 ("When a district court finds the number of hours claimed is unreasonably high . . . it may reduce the requested hours with an across-the-board cut.").

The Plaintiffs contend that they have devoted a total of 1,619.97 hours solely to prosecuting their claims against the Sheriff, in addition to 2,100.78 hours expended as to the Sheriff and GaDOE jointly. (Pls. Mtn for Atty's Fees and Costs, Exhibit 2 at 3-4). The Court is cognizant of the novelty of some of the issues involved in this matter and the expertise required to litigate it, but also notes that this matter never went to trial and took just over two years to proceed from filing the initial complaint until the Court's entry of an order granting in part Plaintiff's motion for summary judgment against the Sheriff. This matter was also factually simple and did not involve extraordinary discovery. For these reasons, the Court finds the number of hours that the Plaintiffs' attorneys spent on this matter to be excessive with regard to the nature of the claims presented and the manner in which this matter resolved.

A cursory review of just the first few pages of time records shows several somewhat vague entries in that they do not allow the Court to ascertain precisely what tasks were undertaken and, therefore, whether the hours spent on such tasks were reasonable. For example, Danielle Rosenthal devoted 2.933 hours to "[c]omplet[ing] legal/factual research re: strategy." (Pls. Mtn for Atty's Fees and Costs, Exhibit 3 at 3). Additionally, there appear to be duplicate entries scattered throughout the time records. (*See, e.g.*, Pls. Mtn for Atty's Fees and Costs, Exhibit 2 at 6 (documenting two entries on the same day captioned "[c]ompleted legal research on capable-of-repetition-yet-evading-

review"). There are also several instances of lead counsel and partner level attorneys billing significant time for research that could have been conducted by the senior associates or associate attorneys. For example, Children's Rights Lead Counsel Christina Wilson Remlin billed 3.9 hours for conducting legal research on exhaustion, despite having one senior staff attorney and three staff attorneys staffed on the matter. (*See* Pls. Mtn for Atty's Fees and Costs, Exhibit 2 at 7). Finally, there are instances of paralegals billing for time spent doing administrative or clerical tasks. (*See, e.g.*, *id.* at 20 (billing for time spent mailing documents to a defendant)); *Jean*, 863 F.2d at 778 (providing that the only paralegal time that is recoverable is time spent doing tasks typically performed by attorneys).

For these reasons, as the Court has elected not to conduct an hour-by-hour analysis of the Plaintiffs' voluminous fee request, the Court will exercise its discretion to impose a 30 percent across-the-board reduction to the hours billed by each attorney and paralegal that the Plaintiffs have requested fees for. *See Bivens*, 548 F.3d at 1350. The Court finds a 30 percent reduction in the hours billed to be reasonable, concluding that the reduction will account for the excessive number of hours billed, any duplicity or redundancy in the Plaintiffs' time entries, and the inclusion of any hours that are not legally recoverable, as previously discussed. The 30-percent reduction is reflected in the hours used in the lodestar calculation tables in Section C. below.

### C. Overall Percentage Reduction

Next, as to the portion of attorney's fees that the Plaintiffs have billed against Sheriff and the GaDOE jointly, the Court finds that joint and several liability for those fees is not appropriate. As the Court sees it, the Sheriff and the GaDOE were at least equally liable for the IDEA violations that took place. Nonetheless, the Plaintiffs have asked the Court to assign the majority of the jointly billed fees to the Sheriff on account of the fact that the Plaintiffs chose to settle with the GaDOE for a lesser amount of attorney's fees than it billed. The Court has "wide discretion" to apportion attorney's fees to achieve the fairest solution and, here, the Court finds that apportioning the jointly billed fees equally between the Sheriff and the GaDOE will "achieve the most fair and sensible solution." *Council for Periodical Distrib. Ass'ns*, 827 F.2d at 1487. Thus, the Court's lodestar calculation for the jointly billed fees is reduced by 50 percent to reflect the percentage of those fees that are fairly attributable to the Sheriff. This 50-percent reduction is reflected in the "totals" row of the lodestar calculation table for the jointly billed fees provided in Section C. below.

Lastly, the Court is authorized to reduce the overall lodestar calculation where the prevailing party was only partially successful in its efforts. *Bivens*, 548 F.3d at 1350 ("When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts."). The Plaintiffs contend

13

that "[a]lthough [they] did not prevail on their ADA and Section 504 claims, they are nonetheless entitled to a full fee award against the Sheriff because their [claims] sought a unitary result." (Pls. Brief in Supp. of Mtn for Atty's Fees and Costs at 15). The Court agrees that the Plaintiffs' claims sought a unitary result, but that is not the yardstick for measuring success in attorney's fees disputes.

The Eleventh Circuit has clarified that, in attorney's fees disputes in IDEA cases, "a prevailing party is one who prevails on any significant issue *and thereby achieves some of the benefits sought by bringing suit.*" *J.N. ex rel. M.N., v. Jefferson Cnty. Bd. of Educ.*, 12 F.4th 1355, 1368 (11th Cir. 2021) (quotation marks omitted) (emphasis added). Here, for the reasons set forth in the Court's Order granting in part and denying in part the Plaintiffs' Motion for Remedial Relief [Doc. 286], the Court was able to grant very little of the Plaintiffs' requested remedial relief. Thus, in addition to succeeding only on their IDEA claims, the Plaintiffs achieved only a small portion of the benefits (i.e., remedial relief) that they sought by bringing this suit. *See J.N. ex rel. M.N.*, 12 F.4th at 1368. For these reasons, the Court concludes that an overall reduction of 30 percent to the total lodestar calculation will appropriately account for the Plaintiffs' limited success in this matter. The Court's lodestar calculations are summarized in the charts below, including the reductions previously described.

14

## a. Summary of Lodestar Calculation for Sheriff Only Fees

| Name | Title | Hourly Rate | Hours | Total |
|------|-------|-------------|-------|-------|
| Christina Wilson Remlin | Lead Counsel | $550 | 192.696 | $105,982.80 |
| Aaron Finch | Senior Staff Attorney | $400 | 236.124 | $94,449.60 |
| Jonathan King | Staff Attorney | $334 | 247.354[2] | $82,616.24 |
| Danielle Rosenthal | Staff Attorney | $334 | 198.31 | $66,235.54 |
| Lindsey Frye | Staff Attorney | $334 | 38.325 | $12,800.55 |
| Clare Connaughton | Paralegal | $190 | 55.454 | $10,536.26 |
| Rebecca Magid | Paralegal | $190 | 39.921 | $7,584.99 |
| Adaeze Dikko | Paralegal | $190 | 31.885 | $6,058.15 |
| Samahria Alpern | Paralegal | $190 | 23.87 | $4,535.30 |
| David Brackett | Partner | $550 | 23.24 | $12,782.00 |
| Amanda Seals | Senior Associate | $400 | .63 | $252.00 |
| Randee Waldman | Lead Attorney | $550 | 40.25 | $22,137.50 |
| Greg Hecht | Partner | $550 | 3.92 | $2,156.00 |
| ----- | ----- | TOTALS: | 1131.979 | $428,126.93 |

## b. Summary of Lodestar Calculation for Sheriff's Portion of Joint Fees

| Name | Title | Hourly Rate | Hours | Total |
|------|-------|-------------|-------|-------|
| Christina Wilson Remlin | Lead Counsel | $550 | 356.46 | $196,053.00 |
| Aaron Finch | Senior Staff Attorney | $400 | 210.126 | $84,050.40 |
| Jonathan King | Staff Attorney | $334 | 387.135 | $129,303.09 |
| Danielle Rosenthal | Staff Attorney | $334 | 209.125 | $69,847.75 |
| Clare Connaughton | Paralegal | $190 | 116.354 | $22,107.26 |
| Rebecca Magid | Paralegal | $190 | 66.535 | $12,641.65 |
| Adaeze Dikko | Paralegal | $190 | .259 | $49.21 |
| Samahria Alpern | Paralegal | $190 | 2.261 | $429.59 |
| David Brackett | Partner | $550 | 34.44 | $18,942.00 |

---

[2] Two hours have been subtracted from Mr. King's total hours based on the Plaintiffs' concession that two entries in the detailed time records were erroneous. (*See* Pls.' Reply in Supp. of Mtn for Atty's Fees and Costs at 31).

| | | | | |
|---|---|---|---|---|
| Amanda Seals | Senior Associate | $400 | 3.78 | $1,512.00 |
| Catherine Anderson | Paralegal | $200 | 29.4 | $5,880.00 |
| Lindsey Harrison | Paralegal | $200 | 2.8 | $560.00 |
| Tanya Reed | Paralegal | $200 | .56 | $112.00 |
| Randee Waldman | Lead Attorney | $550 | 48.3 | $26,565.00 |
| Greg Hecht | Partner | $550 | 3.01 | $1,655.50 |
| ----- | ----- | TOTALS: | 1470.545 | $569,708.45 |
| | | Less 50% reduction[3]: | 735.273 | $284,854.22 |

### c.  Summary of Calculations

Based on the foregoing, the total award of attorney's fees to the Plaintiffs against the Sheriff is $499,086.80. This figure takes into account the total, 30-percent hours' reduced fee amount of $428,126.93 for the Sheriff-only fees, plus the total, 30-percent hours' reduced and 50-percent overall reduced fee amount of $284,854.22 for the jointly billed fees. That overall total of $712,981.15 was then reduced by 30 percent to account for the Plaintiffs' partial success, as discussed above, which comes out to $499,086.80. Accordingly, the Plaintiffs' Motion for Attorney's Fees and Costs [Doc. 260] is GRANTED, and the Court hereby awards the Plaintiffs attorney's fees against the Sheriff in the amount of $499,086.80.

---

[3] This reduction is to account for the Court's attribution of half of the jointly billed fees to the Sheriff, with the GaDOE having been liable for the other half prior to their settlement with the Plaintiffs.

### d. Costs and Interest

Lastly, the Plaintiffs have requested an award of $31,728.89 in costs. [Doc. 285 at 1-2]. The Sheriff has not opposed this request in her brief, and therefore concedes that issue. *See Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014). Similarly, as the Plaintiffs have not moved for interest on any award of attorney's fees and costs, the Court declines to order the same. Accordingly, the Plaintiff's Motion for Attorney's Fees and Costs [Doc. 260] is GRANTED as to their request for costs in the amount of $31,728.89.

### IV.   Conclusion

The Plaintiffs' Motion for Attorney's Fees and Costs [Doc. 260] is GRANTED. The Court hereby awards the Plaintiffs attorney's fees in the amount of $499,086.80 and costs in the amount of $31,728.89 against the Sheriff.

SO ORDERED, this ___27th___ day of May, 2022.


THOMAS W. THRASH, JR.
United States District Judge

17